IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA
CIVIL DIVISION

T.O.M.S. ENTERPRISES OF NORTH
FLORIDA, INC.,

    Plaintiff,

v.                                              Case No.:

WESTFIELD INSURANCE COMPANY,

    Defendant.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

_____

    Plaintiff, T.O.M.S ENTERPRISES OF NORTH FLORIDA, INC. ("Plaintiff"), by and through the undersigned counsel, hereby submits this Complaint against Defendant, WESTFIELD INSURANCE COMPANY ("Westfield"), and in support of the Complaint, alleges and avers as follows:

**GENERAL ALLEGATIONS**

    1.    This is an action for damages in excess of thirty thousand dollars ($30,000.00) exclusive of claimed interest, costs, and attorney fees.

    2.    Plaintiff is a Florida for Profit Corporation with its principal place of business in Jacksonville, Duval County, Florida.

    3.    Defendant, Westfield, is a For Profit Corporation in the business of insurance, and conducting business in Jacksonville, Duval County, Florida, and throughout the State of Florida.

    4.    Venue is appropriate in Duval County, Florida because it is where the cause of action accrued, where the Insured Property (as defined herein) is located, where the Policy (as defined herein) was entered into, and where many of the witnesses reside or do business.

## COUNT I
### (Breach of Contract – Westfield)

5. In consideration for the premium paid to it by Plaintiff, Westfield issued a policy of insurance, policy number CWP 5269119 ("the Policy"), to Plaintiff, with effective dates of February 1, 2020, to February 1, 2021, which provided coverage for the property located at 3565 Cardinal Point Drive, Jacksonville, Florida 32257 ("Insured Property"). Despite requests, Plaintiff is not in possession of a certified and complete copy of the Policy, but a copy of the Policy is in the possession, custody, or control of Westfield and will be filed under separate cover when received through discovery.

6. Upon information and belief, the Policy is an all-risk policy and the Policy insures against risk of direct physical loss to the Insured Property, unless excluded or excepted by the terms of the Policy.

7. The Insured Property sustained direct physical loss as the result of wind damage, on or about February 6, 2020, which is during the time period covered by the policy.

8. Plaintiff timely reported the loss and damage to Westfield.

9. Westfield acknowledged receipt of the claim and assigned claim number 0002235065.

10. On, or about, June 24, 2021, Westfield's retained engineer, Haag Engineering ("Haag"), conducted an inspection of the Insured Property.  Haag opined that the tiles on the roof were not damaged by wind or impacts from wind-borne debris.

11. Following Haag's inspection, Westfield denied coverage for Plaintiff's loss. *See* Westfield's denial letter, dated August 11, 2021, attached hereto as **Exhibit "A."**

12. In an effort to obtain an independent opinion, Plaintiff retained Structural Engineering and Inspections, Inc. ("SEI"), a professional engineering company, to evaluate the cause and extent of damages at the Insured Property.

13. Based on its inspection, SEI concluded that there was damage to the Property resulting from wind damage which occurred on February 6, 2020 . SEI concluded that the roofing systems at the Property need to be replaced. SEI set forth its conclusions in a report dated May 28, 2021. A copy of SEI's report is attached hereto as **Exhibit "B."**

14. Plaintiff subsequently retained Triad Restoration Services ("Triad"), to perform an inspection of the Property and provide an estimate to repair the damages in accordance with the recommendations of SEI. Triad concluded that it would cost $111,096.36 (RCV) / $88,501.56 (ACV) to restore the property to its pre-loss condition. A copy of Triad's estimate is attached hereto as **Exhibit "C."**

15. Plaintiff provided Westfield with its professional report and estimate and requested that Westfield reconsider its prior position on coverage and damages.

16. On, or about, November 16, 2021, Westfield issued an additional correspondence re-affirming its denial and advising that it was closing its file regarding this claim. *See* Westfield's correspondence attached hereto as **Exhibit "D."**

17. Plaintiff has done and performed all those matters and things properly required under the insurance policy, or alternatively, Plaintiff has been excused from performance by the acts, representations, and/or conduct of Westfield.

18. Westfield has breached the Policy by:

    a. failing to pay all benefits due and owing for the direct physical loss to the Insured Property; and

      b. failing to properly scope the repairs needed to Insured Property.

19. Plaintiff is entitled to monetary damages from Westfield to repair the direct physical loss to the Insured Property.

20. Plaintiff has suffered financial damages and continues to suffer the loss as a direct result of Westfield's breach of contract.

21. As a direct result of Westfield's breach of its insurance contract, it has become necessary for Plaintiff to incur and become obligated for attorneys' fees and costs in the prosecution of this action. Florida Statute §626.9373 and/or Florida Statute §627.428 provide for recovery of such attorneys' fees in the event of such need.

**WHEREFORE** Plaintiff, T.O.M.S. ENTERPRISES OF NORTH AMERICA, INC., hereby demands judgment against Defendant, WESTFIELD INSURANCE COMPANY for all damages, including but not limited to, the full cost of repair or replacement of Plaintiff's Insured Property, prejudgment interest from the date of loss, court costs, costs, expert fees, and attorney fees pursuant to §626.9373 Florida Statutes and/or Florida Statutes §627.428, and such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury with respect to all claims and issues triable to a jury.

Respectfully submitted this 17th day of June, 2022.

/s/ *Larry Bache, Jr.*
Larry E. Bache, Jr., Esq.
Florida Bar No.: 91304
Lucas B. Austin, Esq.
Florida Bar No.: 50340
**MERLIN LAW GROUP, PA**
777 S. Harbour Island Boulevard, Suite 950
Tampa, Florida 33602
Telephone: 813-229-1000
Facsimile: 813-229-3682
E-Mail: lbache@merlinlawgroup.com
laustin@merlinlawgroup.com
mvandalsum@merlinlawgroup.com
uthomas@merlinlawgroup.com

*Attorneys for Plaintiff*